IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 24-cr-00083-NYW-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DYLAN ANDREW MILLER,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 150 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

This matter is before the Court on Defendant's Unopposed Motion to Exclude 150 Days from the Requirements of the Speedy Trial Act (the "Motion") filed on April 27, 2025 by Defendant Dylan Andrew Miller ("Defendant"). [Doc. 90]. Defendant asks this Court for an order continuing the trial date and related deadlines for 150 days. [*Id.* at 1].

Defendant's Motion is filed under the Speedy Trial Act of 1974 (the "Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A).  This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *See Hill*, 197 F.3d at 441.

First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

An Indictment was filed on March 30, 2024 charging Defendant with one count of deprivation of rights under color of law in violation of 18 U.S.C. §§ 242 and 250(a), (b)(1). [Doc. 1]. Defendant was arrested on March 22, 2024 and made his initial appearance the same day. [Doc. 4; Doc. 7]. This Court originally set this case for a five-day jury trial to begin on May 13, 2024, [Doc. 18 at 1], but the trial date and related deadlines were continued after Defendant requested and was granted two exclusions of time under the Speedy Trial Act. [Doc. 22; Doc. 24]. Then, on December 17, 2024, the Parties filed a number of pretrial motions, *see* [Doc. 28; Doc. 30; Doc. 31; Doc. 34; Doc. 35; Doc. 36], which tolled the Speedy Trial Act clock, 18 U.S.C. § 3161(h)(1)(D). The Court issued a ruling on those motions on May 6, 2025, *see* [Doc. 92], which restarted the Speedy Trial Act clock. In his Motion, Defendant states that it is the Parties' position that "there are approximately 52-days left regarding the tolling of speedy trial," which as of today's date would result in a Speedy Trial Act deadline of **June 27, 2025.**

Defendant requests that the trial date and related deadlines be continued an additional 150 days. *See generally* [Doc. 90]. In support of this request, defense counsel details personal circumstances that will take him out of state during June and that will necessarily require his focus away from this case. [*Id.* at 2, 5]. Counsel asserts that a miscarriage of justice will occur if Defendant is required to proceed to trial under the current deadlines. [*Id.* at 5]. The Government does not oppose the requested continuance. [*Id.* at 6].

Based on the relevant record considered as a whole, including counsel's need to be out of state and the need for additional time to fully advise Defendant, particularly in light of the Court's recent rulings on several pretrial motions, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **ORDERED** that:

(1) Defendant's Unopposed Motion to Exclude 150 Days from the Requirements of the Speedy Trial Act [Doc. 90] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended by 150 days, from June 27, 2025 to November 24, 2025**;

(3) The current trial and Trial Preparation Conference dates are **VACATED**. The **seven-day** jury trial is **RESET** for **November 17, 2025**.[1] The Trial Preparation Conference is **RESET** for **October 16, 2025 at 1:30 p.m.**; and

(4) The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 18] remain **SET**.

DATED: May 6, 2025

BY THE COURT:

*Nina Y. Wang*
Nina Y. Wang
United States District Judge

---

[1] Defendant's Motion states that "[t]he Parties believe this case should be set for a six- or seven-day jury trial." [Doc. 90 at 3]. The Court finds good cause to set a seven-day jury trial in this case.